UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DAVID A. SOLIS, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) |  |  |
| v. | ) | No. | 3:24-CV-356-KAC-DCP |
| ROBERT L. HEADRICK, CLARK SMITH, and KEITH GREGORY, | ) |  |  |
| Defendants. | ) |  |  |

## MEMORANDUM & ORDER

In accordance with the United States Magistrate Judge Debra C. Poplin's previous order [Doc. 6], Plaintiff, a former Blount County Detention Center inmate now housed in the Tennessee Department of Correction, filed an amended pro se complaint for violation of 42 U.S.C. § 1983 alleging various claims, some of which are unrelated and against different Defendants [*See* Doc. 7]. However, the amended complaint is unsigned and contains claims that are not properly joined herein [*Id.* at 1-4]. Plaintiff also filed a motion for leave to proceed *in forma pauperis* [Doc. 4], his inmate trust account statement [Doc. 5], and various other documents seeking assistance from the Court [*See* Docs. 10, 11, 12, 13].

### I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). Because it appears from his motion for leave to proceed *in forma pauperis* [Doc. 4] and trust account statement [Doc. 5] that Plaintiff cannot pay the filing fee in a lump sum, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4].

The Court **ASSESSES** Plaintiff the civil filing fee of three hundred fifty dollars ($350.00). The custodian of Plaintiff's inmate trust account **SHALL** submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when that income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The Court **DIRECTS** the Clerk to send a copy of this Memorandum & Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II.     AMENDED COMPLAINT

As the Court noted above, Plaintiff did not sign his amended complaint [Doc. 7]. Thus, Plaintiff has not satisfied Federal Rule of Civil Procedure 11(a), which requires that a party not represented by counsel personally sign every pleading, written motion, or other paper filed in the court. *See* Fed. R. Civ. P. 11.

Additionally, it appears that at least some of the claims that Plaintiff seeks to bring in his amended complaint are not properly joined herein under Rule 20(a)(2) because they arise out of unrelated incidents and are against different Defendants. Specifically, while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a), Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v.*

*Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions— should be rejected if filed by a prisoner."); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, No. 2:21-CV-249, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit)).

Accordingly, the Court **DIRECTS** the Clerk to send Plaintiff a Section 1983 complaint form. Within **fifteen (15) days of the date of entry of this order,** Plaintiff **MUST** file a single second amended complaint with a **short** and **plain** statement of facts setting forth (1) each alleged violation of his constitutional rights and (2) the individual(s) responsible for each alleged violation. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint . . . ."). However, Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in any second amended complaint he files, the Court will presume that he intends to proceed as to his first listed claim, and the Court will **DISMISS** any other misjoined claims.

### III. ASSISTANCE, COPIES, DISCOVERY, AND SERVICE

Plaintiff also filed documents in which he asks the Court how to seek appointment of counsel and makes other requests for legal advice, requests copies of "everything" he has filed, and states his intention (1) to ask Defendants for discovery and (2) that he will need help serving Defendants [Docs. 10 at 1-2, 11, 12, 13]. The Court will address these issues in turn.

#### A. Assistance with Counsel And Other Legal Advice

First, the Court cannot provide Plaintiff legal advice. This is especially true when it comes to seeking representation from counsel. Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *See Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993).

#### B. Copies

Second, Plaintiff requests copies of "everything" he has filed in this case [Doc. 10]. However, Plaintiff must pay for those copies. *See, e.g., Hammock v. Rogers*, No. 1:17-CV-1939, 2019 WL 651602, at *2 (N.D. Ohio Feb. 15, 2019) (noting indigent prisoners must bear own litigation expenses). Accordingly, this request is **DENIED**. But the Court **DIRECT** the Clerk to send Plaintiff a copy request form.

#### C. Discovery and Service

Third, until Plaintiff has filed any second amended complaint and the Court has screened the operative complaint as required under the PLRA, Plaintiff cannot begin discovery. *See* 28 U.S.C. § 1915(e)(2). Accordingly, to the extent Plaintiff seeks any relief from the Court based on statements regarding discovery and service, the Court **DENIES** that request **as premature**.

## IV. CONCLUSION

Accordingly, for the reasons set forth above:

1. The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4];

2. Plaintiff is **ASSESSED** the $350 filing fee;

3. The custodian of Plaintiff's inmate account is **DIRECTED** to submit payments toward the filing fee in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum & Order to the Court's financial deputy and the custodian of Plaintiff's inmate account;

5. The Court **DENIES** Plaintiff's motion [Doc. 10];

6. The Clerk **SHALL** send Plaintiff a copy request form, if she has not already done so;

7. Plaintiff shall have fifteen (15) days from the date of entry of this order to file a second amended complaint in the manner set forth above;

8. Plaintiff is **NOTIFIED** that any second amended complaint he files will completely replace his previous complaint filings;

9. Plaintiff is also **NOTIFIED** that if he fails to fully and timely comply with this order, the Court shall order the case dismissed for want of prosecution without further notice;

10. Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in any second amended complaint he files, the Court will presume that he intends to proceed as to his first listed claim, and the Court will **DISMISS** any other misjoined claims without prejudice; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendants, or their counsel of record, of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

                                            /s/ Katherine A. Crytzer
                                            KATHERINE A. CRYTZER
                                            United States District Judge